UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STRIKE 3 HOLDINGS, LLC,
    *Plaintiff*,

v.

JOHN DOE subscriber assigned IP address 71.234.83.91,
    *Defendant*.

No. 3:18-cv-00999 (VAB)

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA
AND MOTION FOR AN EXTENSION OF TIME**

Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") alleges that John Doe ("Defendant"), identified only by his IP address, committed copyright infringement by distributing Plaintiff's copyrighted adult films using BitTorrent, a peer-to-peer file distribution network. ECF No. 1.

Strike 3 moves under Fed. R. Civ. P. 26(d)(1) for leave to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP") for the limited purpose of discovering Defendant's identity; only with Defendant's identity will Plaintiff be able to serve Defendant with process and proceed with this case. ECF No. 8.

Strike 3 also moves for an extension of pre-trial deadlines. ECF No. 10.

Having concluded that Plaintiff has established good cause for entry of this order with respect to service of a third-party subpoena, the Court **GRANTS** the motion, subject to the below described limitations. The motion to extend pre-trial deadlines is **GRANTED** in part and **DENIED** in part.

Strike 3 acknowledges the concerns raised by many district courts around the nation. Given the nature of the films allegedly distributed by the defendants in the many essentially identical actions that Strike 3 has filed nationwide, *see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No.

1

3:17-cv-1680 (CSH), 2017 WL 5001474 (D. Conn. Nov. 1, 2017); *Strike 3 Holdings, LLC v. Doe*, No. 3:18-cv-00681, 2018 WL 2926305 (D. Conn. June 7, 2018); *Strike 3 Holdings, LLC v. Doe*, 17-cv-9654 (AT) (KNF), 2018 WL 1737217 (S.D.N.Y. Mar. 12, 2018),[1] the defendants may feel coerced to settle these suits merely to prevent public disclosure of their identifying information as part of court records. *See Malibu Media, LLC v.* Doe, No. C 15-04441 WHA, 2016 WL 3383758, at *3 (N.D. Cal. June 20, 2016) ("The damages exposure in this case, as with Malibu Media's many other cases, is significant, so a defendant may feel pressure to settle even a meritless case. Coupled with the taboo nature of the subject matter, there remains potential for abuse."). The Court shares these concerns. This Order therefore is subject to the following conditions and limitations:

1. Plaintiff may subpoena Defendant's ISP only to obtain Defendant's name and address, but not Defendant's e-mail or telephone number. Plaintiff may only use Defendant's name and address, if obtained by Defendant's ISP, for the purposes of this litigation; Plaintiff is ordered not to disclose Defendant's name or address, or any other identifying information other than Defendant's ISP number, that Plaintiff may subsequently learn. Plaintiff shall not threaten to disclose any of Defendant's identifying information. Defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after Defendant has had an opportunity to challenge the disclosure. Therefore, Plaintiff is ordered not to publicly file any of Defendant's identifying information and to file all documents containing Defendant's identifying information under seal.

2. Plaintiff may immediately serve a Rule 45 subpoena on Defendant's ISP to obtain Defendant's name and current and permanent address. Plaintiff is expressly not permitted to subpoena the ISP for Defendant's e-mail addresses or telephone numbers. Plaintiff shall serve Defendant's ISP with a copy of the complaint, this Order, and the subpoena.

---

[1] Strike 3 is a prolific copyright litigant. *See generally* Dylan Love, *The Most-Pirated Man in Porn is Getting Angry,* Inverse (May 24, 2017), *available at* https://www.inverse.com/article/31350-greg-lansky-tushy-blacked-vixen-interview.

3. After having been served with the subpoena, the ISP will delay producing to Plaintiff the subpoenaed information until after it has provided Defendant John Doe with:

a. Notice that this suit has been filed naming Defendant as the one that allegedly downloaded copyright protected work;

b. A copy of the subpoena, the Complaint filed in this lawsuit, and this Order; and

c. Notice that the ISP will comply with the subpoena and produce to Plaintiff the information sought in the subpoena unless within 60 days of service of the subpoena on Defendant by the ISP, Defendant files a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the ISP shall not produce the subpoenaed information until the Court acts on the motion.

4. Defendant's ISP will have 60 days from the date of service of the Rule 45 subpoena upon it to serve Defendant John Doe with a copy of the complaint, this Order, and the subpoena. The ISP may serve Defendant John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

5. Defendant John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of Defendant to Plaintiff before the expiration of this 60 day period. Additionally, if Defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

6. Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

7. Defendant's ISP shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

8. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

Strike Three also asks the Court to extend the pre-trial deadlines in this case until after the parties conduct a conference consistent with Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff argues that Defendant has not yet been served and thus Plaintiff needs additional time to amend the Complaint and prepare a discovery plan. The Court will modify the Scheduling order, in part.

A scheduling order may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry turns on the diligence of the party seeking to modify the scheduling order. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.") (citations omitted); *accord* Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment ("[T]he court may modify the schedule upon a showing of good cause if it cannot be met despite the diligence of the party seeking the extension."). *See Fresh Del Monte*, 304 F.R.D. at 174–75 (S.D.N.Y. 2014).

The Complaint has yet to be served on Plaintiff but issuance of this Order will facilitate Strike 3's ability to duly effect service. Given the stage of this litigation, Strike 3 has failed, however, to demonstrate why the time allowed under the Federal Rules of Civil Procedure is insufficient given the needs of the case.

The Court therefore will hold in abeyance all pre-trial deadlines and instructs the parties to submit a Rule 26(f) Report as soon as practicable and consistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(f)(1) (requiring the parties to confer at least 21 days before a scheduling order is due under rule 16(b)); *id.* at 16(b)(2) (requiring entry of a scheduling order within the earlier of ninety days after the defendant has been served with the complaint or 60 days after any defendant has appeared). Should, at that time, Strike 3 require additional time, it should integrate such a need into the Rule 26 Report.

Having concluded that Plaintiff has established good cause for entry of this order with respect to a third-party subpoena, the Court **GRANTS** the motion. The motion to extend pre-trial deadlines is **GRANTED** in part and **DENIED** in part.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of August, 2018.

                                                      /s/ Victor A. Bolden
                                                      VICTOR A. BOLDEN
                                                      UNITED STATES DISTRICT JUDGE